## CIRCUIT COURT OF THE CITY OF RICHMOND

Patricia Crocker

v.

Riverside Brick
and Supply Co., Inc.

January 4, 2006

Case No. LS-2622

BY JUDGE T. J. MARKOW

This matter is before the court on Defendant's Plea in Bar for Lack of Jurisdiction. The parties presented evidence, and the court heard argument on November 30, 2005. Thereafter, the matter was taken under advisement.

The question presented is whether Ms. Crocker's injuries on November 19, 2002, were incurred in the "trade, business, and occupation" of the Defendant, Riverside Brick, thereby barring recovery pursuant to Va. Code § 65.2-302 of the Virginia Workers' Compensation Act.

On November 19, 2002, Ms. Crocker was employed as a truck driver for Jevic, a shipping company. On the day in question, she was assigned to deliver eighteen pallets of cultured stone to Riverside Brick, a brick masonry supply firm. According to Ms. Crocker's testimony, Jevic employees were instructed that they were only responsible for backing up to the receiving firm's dock and verifying that the proper freight was removed from the trailer. It was the receiving firm's responsibility to unload the freight. However, if needed, Jevic employees were permitted to assist in removing the freight from the trailer. If the freight could not be removed from the truck, the driver was to bring it back to Jevic. It is undisputed that Ms. Crocker had no duty to unload Riverside's materials.

Upon arriving at Riverside, Ms. Crocker was informed that there was no dock at this location. Neither party had a pallet jack to assist in the unloading, so Mr. Weeks, the Riverside employee responsible for receiving and unloading the materials, proposed an alternative solution. Because the pallets were located at the front of the box truck, Mr. Weeks proposed that Ms. Crocker go inside the truck and attach a hook connected to a nylon strap to the first board of each pallet. Thereafter, he would drag the pallet to the back of the truck using a forklift and then use the forklift to unload the pallet.

At the instruction of Mr. Weeks, Ms. Crocker went inside the box truck and hooked the nylon strap to the pallet. She then moved to the side of the truck while Mr. Weeks pulled each pallet to the back of the truck and unloaded it. During this process, one of the pallets broke causing the nylon strap and hook to strike Ms. Crocker resulting in the alleged injury.

As a result of the accident, Ms. Crocker filed for and obtained workers' compensation benefits through Jevic. Riverside contends that Ms. Crocker is not entitled to recover any sums from Riverside for her injury because, at the time of the accident, she was a "statutory employee" pursuant to Va. Code § 65.2-302 of the Virginia Workers' Compensation Act and, having already received compensation under the Virginia Worker's Compensation Act, is not entitled to any additional recovery.

The Virginia Workers' Compensation Act, Va. Code § 65.2-100 et seq., precludes an employee from bringing an action in negligence against his employer for an injury sustained during the course of his employment. Va. Code § 65.2-307. The Act also bars a personal injury action against a party, who is not a plaintiff's employer, if that party is deemed to be a "statutory employer" of the plaintiff. Va. Code § 65.2-307; see Va. Code § 65.2-307.

The Code outlines the criteria for determining whether a party qualifies as a statutory employer:

> When any person ["owner"] undertakes to perform or execute any work which is a part of his *trade, business, or occupation* and contracts with any other person ["subcontractor"] for the execution or performance by or under such subcontractor of the whole or any part of the work undertaken by such owner, the owner shall be liable to pay to any worker employed in the work any compensation under this title which he would have been liable to pay if the worker had been immediately employed by him.

Va. Code § 65.2-302(A) (emphasis added).

Whether the actor is performing the owner's trade, business, or occupation "depends upon the facts and circumstances in each case" and therefore, "does not readily yield to categorical or absolute standards." *Bassett Furniture Industries, Inc. v. McReynolds*, 216 Va. 897, 902, 224 S.E.2d 323, 326 (1976). While there is no case factually identical to the one at bar, various cases provide some guidance for determining whether Ms. Crocker's acts constituted the trade, business, or occupation of Riverside.

The test applied by the Virginia Supreme Court in *Bassett*, for determining whether the activity is part of the "trade, business, or occupation" of the owner, was whether the "indispensable activity is, in that business, *normally*, carried on through employees rather than independent contractors;" and not "whether the subcontractor's activity is useful, necessary, or even absolutely indispensable to the statutory employer's business." *Bassett*, 216 Va. at 902, 224 S.E.2d at 326 (citing *Shell Oil Co. v. Leftwich*, 212 Va. 715, 722, 187 S.E.2d 162, 167 (1972)).

The specific question presented is whether Ms. Crocker's assistance in unloading the pallets constituted the trade, business, or occupation of Riverside. Counsel for Ms. Crocker argues that, while the unloading of supplies from delivery trucks is the responsibility of Riverside, Riverside is not in the business of unloading freight, but rather in the business of selling masonry supplies, and that Ms. Crocker was not engaged in that business when she was injured. Riverside argues, however, that Ms. Crocker's actions did constitute its trade, business, and occupation because the unloading of masonry supplies delivered to its warehouse was a necessary and essential element of Riverside's business and was normally done by Riverside employees.

It appears that the parties agree that it was the responsibility of Riverside employees to remove pallets from the delivery truck. Applying the test articulated in *Basset*, the indispensable activity of receiving and unloading product for sale is a part of the business of Riverside Brick, normally, carried out through its employees and not independent contractors. Delivering to Riverside's dock was the only responsibility of Ms. Crocker as an employee of Jevic. Removing the product was the responsibility of Riverside, and Ms. Crocker's assistance in the removal qualifies her as Riverside's statutory employee.

The court finds that Ms. Crocker was a statutory employee as defined in Va. Code § 65.2-302 and therefore is barred from pursuing this claim. Accordingly, Riverside Brick's Plea in Bar is sustained and this case is dismissed.